UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| JINXING INVESTMENTS LLC,<br><br>Plaintiff,<br><br>v.<br><br>BETTY CORTEZ-SILVA, ET AL.,<br><br>Defendants. | Case No. 2:21-cv-7163-RGK (MARx)<br><br>ORDER REMANDING ACTION AND DENYING APPLICATION TO PROCEED IN DISTRICT COURT WITHOUT PREPAYING FEES OR COSTS |

## I.

## **FACTUAL BACKGROUND**

In September 2020,[1] Plaintiff Jinxing Investments LLC ("Plaintiff") filed an unlawful detainer action in Los Angeles County Superior Court against defendants Betty Cortez-Silva and Does 1–10. ECF Docket No. ("Dkt.") 1. Defendant Darryl Williams ("Defendant"), whose instant action is now before the Court, does not appear to be named as a defendant anywhere on the unlawful detainer action. Dkt. 1 at 8–11. However, Defendant appears to reside at the address Plaintiff listed in their unlawful detainer action, "13114 Cordary Ave Hawthorne CA 902540 (County of Los Angeles)[.]" See id. at 5, 8. Plaintiff asserts that the defendants have failed to vacate

---

[1] The Notice of Removal lists December 30, 2020 as the date Plaintiff filed the unlawful detainer action against Defendant. Dkt. 1 at 1. However, the action appears to have been filed on September 2, 2020. See id. at 11.

1  the property after being served a notice to quit and now seeks costs and damages.  Id.
2  at 8–11.
3       On September 8, 2021, Defendant filed a Notice of Removal, invoking the
4  Court's federal question jurisdiction.  Id. at 1–3.
5       Defendant also filed an Application to Proceed in District Court Without
6  Prepaying Fees or Costs.  Dkt. 2.

**II.**

**DISCUSSION**

9       Federal courts are courts of limited jurisdiction, having subject matter
10  jurisdiction only over matters authorized by the Constitution and statute.  See, e.g.,
11  Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994).  It is this Court's duty
12  always to examine its own subject matter jurisdiction, see Arbaugh v. Y&H Corp., 546
13  U.S. 500, 514 (2006), and the Court may remand a case summarily if there is an
14  obvious jurisdictional issue.  Scholastic Entm't, Inc. v. Fox Entm't Grp., Inc., 336
15  F.3d 982, 985 (9th Cir. 2003) ("While a party is entitled to notice and an opportunity
16  to respond when a court contemplates dismissing a claim on the merits, it is not so
17  when the dismissal is for lack of subject matter jurisdiction.") (omitting internal
18  citations).  A defendant attempting to remove an action from state to federal court
19  bears the burden of proving that jurisdiction exists.  See Scott v. Breeland, 792 F.2d
20  925, 927 (9th Cir. 1986).  Further, a "strong presumption" against removal jurisdiction
21  exists.  See Gaus v. Miles, Inc., 980 F.2d 564, 567 (9th Cir. 1992).
22       Defendant asserts that this Court has subject matter jurisdiction pursuant to
23  28 U.S.C. §§ 1331 and 1441.  Dkt. 1 at 2.  Section 1441 provides, in relevant part,
24  that a defendant may remove to federal court a civil action in state court of which the
25  federal court has original jurisdiction.  See 28 U.S.C. § 1441(a).  Section 1331
26  provides that federal "district courts shall have original jurisdiction of all civil actions
27  arising under the Constitution, laws, or treaties of the United States."  See 28 U.S.C. §
28  1331.

1    Here, the Court's review of the Notice of Removal and attached Complaint
2 makes clear that this Court does not have federal question jurisdiction over the instant
3 matter under 28 U.S.C. § 1331.  First, there is no federal question apparent from the
4 face of the Complaint, which appears to allege only a simple unlawful detainer cause
5 of action.  See Wescom Credit Union v. Dudley, No. CV 10-8203-GAF (SSx), 2010
6 WL 4916578, at *2 (C. D. Cal. Nov. 22, 2010) ("An unlawful detainer action does
7 not arise under federal law.") (citation omitted); IndyMac Federal Bank, F.S.B. v.
8 Ocampo, No. EDCV 09-2337-PA (DTBx), 2010 WL 234828, at *2 (C.D. Cal. Jan. 13,
9 2010) (remanding an action to state court for lack of subject matter jurisdiction where
10 plaintiff's complaint contained only an unlawful detainer claim).
11    Second, there is no merit to Defendant's contention that federal question
12 jurisdiction exists based on the Protecting Tenants at Foreclosure Act of 2009
13 ("PTFA").  Dkt. 1 at 2.  The PTFA does not create a private right of action; rather, it
14 provides a defense to state law unlawful detainer actions.  See Logan v. U.S. Bank
15 Nat. Ass'n, 722 F.3d 1163, 1164 (9th Cir. 2013) (affirming dismissal of the complaint
16 because the PTFA "does not create a private right of action allowing [plaintiff] to
17 enforce its requirements"); see 12 U.S.C. § 5220.  It is well settled that a "case may
18 not be removed to federal court on the basis of a federal defense . . . even if the
19 defense is anticipated in the plaintiff's complaint, and even if both parties concede
20 that the federal defense is the only question truly at issue." Caterpillar Inc. v.
21 Williams, 482 U.S. 386, 393 (1987).  Thus, to the extent Defendant's defenses to the
22 unlawful detainer action are based on alleged violations of federal law, those defenses
23 do not provide a basis for federal question jurisdiction.  See id.  Because Plaintiff's
24 complaint does not present a federal question, either on its face or as artfully pled, the
25 Court lacks jurisdiction under 28 U.S.C. § 1441.
26 ///
27 ///
28 ///

## III.
## **CONCLUSION**

Accordingly, **IT IS ORDERED** that this case is **REMANDED** to the Superior Court of California, County of Los Angeles, forthwith.

**IT IS FURTHER ORDERED** that Defendant's Application to Proceed in District Court Without Prepaying Fees or Costs is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated:  September 15, 2021

*/s/ Gary Klausner*

HONORABLE R. GARY KLAUSNER
United States District Judge